UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

MICHAEL SAUNDERS,

               Plaintiff,

      v.

NATHAN CAVADA; JIMMY JAZZ, INC.;
TYLER MOULTON; and JOHN DOES 1–12,

               Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-3279 (RPK) (JAM)

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Michael Saunders filed this lawsuit under 42 U.S.C. 1983 after being criminally prosecuted for credit-card fraud at a Jimmy Jazz store in Queens. The Court assumes familiarity with the background of this case. *See* R. & R. (Dkt. #131); Order Adopting R. & R. (Dkt. #137). In brief, plaintiff alleged that Detective Nathan Cavada, who investigated the alleged credit-card fraud, is liable for false arrest, false imprisonment, and malicious prosecution. He also alleged that Jimmy Jazz, Inc., manager Tyler Moulton, and John Doe employees 1–12 (collectively, "the Jimmy Jazz defendants") committed malicious prosecution and state-law negligence. The Court granted defendants' motions for summary judgment. Plaintiff then filed a motion for reconsideration. Contrary to Cavada's argument, *see* Cavada Opp'n 2–4 (Dkt. #146), that motion is timely, because it was filed within 28 days of the entry of judgment, *see* Fed. R. Civ. P. 59(e); Clerk's J. (Dkt. #138); Notice of Mot. for Recons. (Dkt. #140); *cf.* Local Civ. R. 6.3 (requiring notice of a motion for reconsideration to be served "within 14 days after the entry of the court's

1

order being challenged" only "[u]nless otherwise provided . . . by statute or rule (such as Fed. R. Civ. P. . . . 59)"). Nevertheless, the motion is denied.

To warrant reconsideration, the movant must "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues" or "presenting the case under new theories." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Accordingly, reconsideration to correct clear error or prevent manifest injustice "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Ibid.* (citation omitted).

Plaintiff argues that the Court overlooked several facts in granting summary judgment in favor of Cavada and the Jimmy Jazz defendants.

As it pertains to Cavada, plaintiff argues the Court overlooked facts that undermine the existence of arguable probable cause for his arrest and criminal prosecution. The Court concluded that arguable probable cause existed as a matter of law based largely on (1) Cavada's comparison of plaintiff's mugshot with a surveillance video depicting an unidentified man making fraudulent purchases, and (2) Cavada's review of a sneaker raffle sign-up sheet listing plaintiff's name next to that of Nanawoods Napoleon—who had already been arrested for possession of forged credit cards—and reflecting plaintiff's interest in Air Jordan Retro 12 sneakers of the same size as the Air Jordan Retro 11s that were fraudulently purchased. Order Adopting R. & R. 4–5. Plaintiff points to several facts that he claims undermine the reliability of the sign-up sheet as evidence supporting his arrest. *See* Mot. for Recons. 8–10 (Dkt. #141). Those contentions, however, have

2

already been considered and rejected by the Court, *see* Order Adopting R. & R. 6–7, and "Rule 59 is not a vehicle for relitigating old issues," *Analytical Survs.*, 684 F.3d at 52 (citation omitted).

Plaintiff also argues that Cavada lacked arguable probable cause to arrest and prosecute him because Napoleon pleaded guilty to making two transactions in plaintiff's indictment before the grand jury indicted him. *See* Mot. for Recons. 6–7 (noting that someone else "later pleaded guilty" to making those transactions "before plaintiff was indicted for them"); Mem. of L. Opp'n Mot. for Summ. J. 8 (Dkt. #127) (claiming Napoleon was charged with making the two May 29 transactions also in plaintiff's indictment). It is not clear from the record, however, whether Napoleon pleaded guilty to the overlapping conduct. *See* Pl.'s R. 56.1 Decl. with Exs., Ex. 20 at 29 (Dkt. #107) (noting that Napoleon pleaded guilty to possession of forged instruments but not specifying whether he pleaded guilty in connection with the same transactions with which plaintiff was charged). But even assuming he did, that fact would not undermine probable cause as to plaintiff because it is undisputed that the video evidence shows a man other than Napoleon—the man Cavada identified as plaintiff—made the fraudulent transactions at issue. *See* Def.'s R. 56.1 Statement ¶¶ 36–37 (Dkt. #99-1); Pl.'s R. 56.1 Counterstatement ¶¶ 36–37 (Dkt. #101-1). Plaintiff himself admits "that [the transactions] were indeed made by 'Saunders'"—in other words, the man Cavada identified as Saunders—not by Napoleon. Mem. of L. Opp'n Mot. for Summ. J. 8.

Plaintiff next argues that the Court overlooked the fact that he "had no connection to the actual perpetrators." Mot. for Recons. 7. But at most this fact "militated against probable cause." *Ibid.* Plaintiff does not show that it undermined arguable probable case altogether in light of the totality of the evidence, such as the surveillance video and sign-up sheet. *See* Order Adopting R. & R. 5–7. Cavada "was not required to explore and eliminate every theoretically plausible

3

claim of innocence." *Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006) (quotation marks and citation omitted).

Plaintiff last contends that Cavada lacked arguable probable cause because he knew plaintiff was bald, tattooed, and muscular, while the suspect had braided hair, no tattoos, and a less muscular build. *See* Mot. for Recons. 10–12. Regarding the hair difference, plaintiff relies on surveillance footage showing a bald man—whom he identifies as himself—in the store two hours before the suspect with braided hair appeared. *Id.* at 10–11. Nothing in the record, however, establishes that a reasonable officer would have identified the bald man as plaintiff. Appearances change and surveillance footage is often grainy and inconclusive. The same reasoning applies to the claimed difference in tattoos and physique. Indeed, the very footage plaintiff cites undermines his argument: neither the suspect nor the bald man appears to have tattoos or a noticeable difference in physique. *See* Pl.'s Objs. to R. & R. 5 (Dkt. #133) (showing side-by-side still images of the bald man and the suspect).

As for the Jimmy Jazz defendants, plaintiff claims the Court overlooked factual allegations suggesting that they gave "perjurious testimony . . . solely to cause Plaintiff to be prosecuted." Mot. for Recons. 12–13. But to prevail on a malicious prosecution claim plaintiff must demonstrate that defendants "affirmatively induced" Cavada to charge him, not just that they provided false testimony. Order Adopting R. & R. 7 (quoting *Delince v. City of New York*, No. 10-CV-4323 (PKC), 2011 WL 666347, at *5 (S.D.N.Y. Feb. 7, 2011)). The cases cited by plaintiff apply this same rule. *See* Mot. for Recons. 14; *Powell v. Scollard*, No. 21-CV-1477 (VSB), 2023 WL 5975249, at *3 (S.D.N.Y. Sept. 14, 2023) ("[T]he defendant must have affirmatively induced the officer to act."); *Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 723 (S.D.N.Y. 2012) ("[I]t must be shown that defendant played an active role in the prosecution, such as giving advice and

encouragement or importuning the authorities to act." (citation omitted)). Nowhere does plaintiff point to facts showing the Jimmy Jazz defendants induced Cavada to act. He only reasserts an assortment of "[c]onclusory allegations, conjecture, and speculation" that the Court already rejected as "insufficient to create a genuine issue of fact." Order Adopting R. & R. 8 (quoting *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)).

\*   \*   \*

For the reasons explained above, plaintiff's motion for reconsideration is denied.

SO ORDERED.

                                                   */s/ Rachel Kovner*
                                                  RACHEL P. KOVNER
                                                  United States District Judge

Dated: August 18, 2025
       Brooklyn, New York